IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED PROMOTIONS, INC. and FERNANDO FIGUEREDO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2011-CV-6892 |
| LINDSAY CORP., ANDRES GACHARNA, and CATHERINE E. LINDSAY, | ) ) ) | Judge Der-Yeghiayan |
| Defendants. | ) | |

## REPLY IN SUPPORT OF MOTION TO QUASH, OR ALTERNATIVELY, TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2) AND 12(b)(5)

Movants[1], by their undersigned counsel, hereby reply in support of their motion to quash service of process on them, or in the alternative, to dismiss the complaint, and state as follows:

## I. INTRODUCTION

The plaintiffs' response asserts three arguments, which can be summarized as follows:

- This Court may ignore the plain language of §9 of the FAA because movants actually received notice of the confirmation petition;

- FAA §9's supposedly "anachronistic" requirement of service by a marshal permits this Court to ignore that requirement; and

- Dismissal is inappropriate.

Each issue is discussed at length below.

## II. ARGUMENT

### A. Service that Does Not Comport With FAA §9 is Improper, and this Court Cannot Simply Ignore Congress' Legislative Requirement of Service by the Marshal

The plaintiffs' primary argument – that service which does not comply with FAA §9 is nevertheless valid – fails because it defies the plain language of the statute. By specifically

---

[1] For the sake of brevity, this reply will use the same defined terms used in movants' initial motion.

requiring a certain type of service in FAA cases, Congress effectively invalidated other types of service.[2]

This Court must respect Congress' legislative wisdom and follow it. Courts cannot simply ignore a Congressional mandate and "legislate from the bench" because they happen to disagree with a statute. *E.g.*, Ward v. Chamberlain, 67 U.S. 430, 442 (1862) ("Courts of justice may construe a legislative provision but they cannot repeal what is expressly enacted"); *and see* Morrison v. Nat. Australia Bank Ltd., 130 S.Ct. 2869, 2886 (2010) ("It is our function to give the statute the effect its language suggests, however modest that may be").

**B. Under Recognized Rules of Statutory Construction, this Court Cannot Disregard the Plain Statutory Language of §9 of the FAA, Either by Relying on Fed.R.Civ.P. 4, or by Characterizing the Requirement of Service by the Marshal as "Anachronistic"**

The arguments in Part II of plaintiffs' response fare no better. As discussed in §9 of the FAA reads as follows, in relevant part:

> ... Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. <u>If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found</u> **in like manner as other process of the court**.

(Emphasis added). Instead of applying the plain language of the statute, the plaintiffs' ask the Court to find that the bold-faced text lets this Court read the underlined language out of §9, by characterizing the requirement of service by the marshal as "anachronistic."

---

[2] Federal Courts apply the "*expressio* (or *inclusio*) *unius est exclusio alterius*" canon of statutory construction, which means that the expression (inclusion) of one in a statute implies the exclusion of all others. *E.g.*, U.S. v. Rivera, 153 F.3d 809, 811 (7th Cir. 1998).

### 1. The rules of statutory construction require this Court to consider the language of FAA §9 in its entirety, and do not let the Court ignore any part of the statute

The plaintiffs' argument – that the Court should read the last nine words of the final sentence in FAA §9 as an invitation to apply the service requirements of Fed.R.Civ.P. 4 – is fundamentally flawed because it completely ignores the rest of the sentence, and thereby reads out the plain requirement of service by the marshal.

Basic canons of statutory construction require a Court to consider *all* of the language of a statute. *E.g.*, U.S. v. Jicarilla Apache Nation, 131 S.Ct. 2313, 2330 (2011) ("As our cases have noted in the past, we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law"); Ransom v. FIA Card Services, N.A., 131 S.Ct. 716, 724 (2011) ("[W]e must give effect to every word of a statute wherever possible"), *citing* Leocal v. Ashcroft, 125 S.Ct. 377 (2004). Likewise, in Matter of Lifschultz Fast Freight Corp., 63 F.3d 621 (7th Cir. 1995), the Seventh Circuit stated:

> "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." Thus, we have a duty to "give effect, if possible, to every clause and word of a statute." However, "we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy. Statutory construction is a holistic endeavor and, at a minimum we must account for a statute's full text, language as well as punctuation, structure, and subject matter." Therefore, we have a "deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment."

Id. at 628 (internal citations omitted). Consequently, the Court must read the last sentence of FAA §9 in its entirety, and cannot cherry-pick only sentence fragments the plaintiffs like.

A proper interpretation harmonizes *all* of the language of this sentence and requires two things: First, the marshal of the forum district must serve process on an adverse party who does

not reside in the district where the arbitral award was made. Second, the marshal must follow the parts of Rule 4 governing the manner of service (*i.e.*, Rule 4(c)(1) and 4(e)(2)).

The plaintiffs' case citations in Part II of its response are not meaningful. The only appellate decision cited by the plaintiffs, In re Reed & Martin, Inc., 439 F.2d 1268 (2nd Cir. 1971), does not really address the issue presented here; in that case, the Second Circuit merely held that the phrase "in like manner as other process of the court" refers to Rule 4. The District Court decisions cited in the plaintiffs' response – which judicially excise the requirement of service by the marshal from FAA §9 – do not entitle this Court to play "follow the leader" and do the same here. In Milner v. Dept. of Navy, 131 S.Ct. 1259 (2011), the Supreme Court held:

> Crooker, the dissent asserts, "has been consistently relied upon and followed for 30 years" by other lower courts. But this claim, too, trips at the starting gate. It would be immaterial even if true, ***because we have no warrant to ignore clear statutory language on the ground that other courts have done so.***

Id. at 1268 (emphasis added) (internal citation omitted).

### 2. This Court cannot ignore the plain language of a statute by labeling it as "anachronistic"; the modernization of legislation is the province of Congress

The supposedly "anachronistic" nature of the requirement of service by the marshal is *not* a proper basis to ignore FAA §9. If the plaintiffs believe some part of a statute has outlived its perceived usefulness, they must petition Congress to re-write the statute; the Court cannot do it for them. Ward v. Chamberlain, 67 U.S. 430, 442 (1862) ("Courts of justice may construe a legislative provision but they cannot repeal what is expressly enacted"). State Oil Co. v. Khan, 522 U.S. 3, 20 (1997) (reference to "the general presumption that legislative changes should be left to Congress").

### 3. Fed.R.Civ.P. 4 does not "trump" the statutory service requirement in FAA §9; to the extent a conflict exists, this Court should apply the statutory service requirement in FAA §9 because it is the more specific statute

Canons of statutory construction usually require that a "specific" statute prevail over a "general" one. *See* Hinck v. U.S., 127 S.Ct. 2011, 2015 (2007) (in most contexts, "a precisely drawn, detailed statute pre-empts more general remedies"); In re Baker, 430 F.3d 858, 860 (7th Cir. 2005). Moreover, while a later enacted statute can sometimes operate to amend or even repeal an earlier statutory provision, repeals by implication are not favored and will not be presumed unless the intention of the legislature to repeal is clear and manifest. National Ass'n of Home Builders v. Defenders of Wildlife, 127 S.Ct. 2518, 2532 (2007) ("We will not infer a statutory repeal 'unless the later statute 'expressly contradict[s] the original act' or unless such a construction "is absolutely necessary ... in order that [the] words [of the later statute] shall have any meaning at all").

Fed.R.Civ.P. 4 provides a "general" statute for service of process in civil cases. By contrast, FAA §9's requirement of service by the marshal is "specific" because it applies only to the confirmation of arbitral awards, and only where the opposing party resides outside the district where the arbitral award was rendered. Fed.R.Civ.P. 4 does not expressly contradict FAA §9, and Rule 4 would not "lose all meaning" without reading FAA §9's requirement of service by a marshal out of existence.

### C. This Court has Discretion to Dismiss the Case for Improper Service, or to Quash the Improper Service and Give the Plaintiffs Another Opportunity to Serve Movants

Part III of the plaintiffs' response requires little discussion. As discussed in movants' initial motion, the Court has the option to quash the improper service and retain the case, or to dismiss the case entirely. Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998); Bailey v.

Boilermakers Local 667 of the Int'l. Brotherhood of Boilermakers, 480 F.Supp. 274 (N.D.W.VA 1979). Movants will leave this issue to the Court's sound judgment.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, as well as those stated previously, Andres Gacharna and Catherine E. Lindsay ask this Court to grant the relief requested in their motion to quash and/or dismiss.

Respectfully submitted,

**ANDRES GACHARNA and CATHERINE E. LINDSAY**

By: /s/ Andrew R. Schwartz
One of their counsel

*Andrew R. Schwartz* (andy@schwartz-lawyer.com)
*Thomas Kanyock* (tjk@schwartz-lawyer.com)
Counsel for Certain Defendants
111 N. Canal Street, Ste. 394
Chicago, Illinois 60606
(312) 441-1040

## CERTIFICATE OF SERVICE

I hereby certify that on **October 24, 2011**, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the parties to whom it is directed.

By: /s/ Andrew R. Schwartz