# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6892 | **DATE** | ` |
| **CASE TITLE** | Fernando Figueredo, et al. Vs. Andres Gacharna, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Respondents Andres Gacharna and Catherine Lindsay's motion to quash [15] is granted and the motion to dismiss [15] is denied as moot. Since a court order is not necessary to effect service by United States Marshal and since Petitioners have provided no valid legal basis to require Moving Respondents to bear the costs of such service, the court denies Petitioners' motion to serve by United States Marshal. It is incumbent on the Petitioner pursuant to Section 9 to effectuate service through the United States Marshal and bear its own costs.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Defendant Andres Gacharna's (Gacharna) and Defendant Catherine E. Lindsay's (Lindsay) (collectively, the "Moving Respondents") motion to quash service of process or, alternatively, to dismiss. This matter is also before the court on Petitioners' motion to serve by United States Marshal. On September 30, 2011, Petitioners filed a Petition for Confirmation of Arbitrator's Awards and Entry of Final Judgment (Petition). On October 4, 2011, Petitioners served each of the Moving Respondents with a Notice of Filing via a special process server. (Mot. Ex. A). Moving Respondents contend that such service does not comport with the requirements of the Federal Arbitration Act, and request that the court quash service or, alternatively, dismiss the Petition.

Petitioners argue that since service of the Petition comports with Federal Rule of Civil Procedure 4 (Rule 4) and the Moving Respondents have received fair notice of the Petition, the court should deny Moving Respondent's motion. Section 9 of the Federal Arbitration Act (Section 9) provides that

> [i]f the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**STATEMENT**

9 U.S.C. § 9. The Petition indicates that Moving Respondents are both citizens of Illinois. (Pet. Par. 5, 6). The Petition also indicates that the arbitration awards were made in Florida. (Pet. Ex. B at 3); (Pet. Ex. C). Under such circumstances, the plain language of Section 9 requires both that the Petition be served by a marshal and that service be made in a manner consistent with Rule 4. Therefore, the court grants the motion to quash service. The court denies as moot the motion to dismiss.

With respect to Petitioners' motion to serve by United States Marshal, in the event that service is quashed, Petitioners request that the court enter an order requiring the Clerk of Court to issue a summons for service to be effectuated by the United States Marshal Service. Petitioners further request that the court order the Moving Respondents to pay the fees and expenses related to such service. Since a court order is not necessary to effect service by United States Marshal and since Petitioners have provided no valid legal basis to require Moving Respondents to bear the costs of such service, the court denies Petitioners' motion. It is incumbent on the Petitioner pursuant to Section 9 to effectuate service through the United States Marshal and bear its own costs.